Filed 10/13/23  P. v. Wynn CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097512 |
| Plaintiff and Respondent, | (Super. Ct. No. CM023687) |
| v. | |
| DOMINICK JOHN WYNN, | |
| Defendant and Appellant. | |

Defendant Dominick John Wynn appeals from a postconviction order striking an invalid one-year prior prison term from his stipulated sentence under Penal Code section 1172.75[1].  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Although not

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1171.1 to section 1172.75 without substantive change.  (Stats. 2022, ch. 58, § 12.)

required to independently review the record in these circumstances (see, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 226), we have done so because defendant was not notified that his failure to file a supplemental brief may result in dismissal of the appeal. But our discretionary review of the record reveals no arguable errors favorable to defendant. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, defendant entered the victim's bedroom with a knife, forced her to orally copulate him, and then raped her.

In 2006, defendant pled no contest to rape and residential burglary and admitted he served a prior prison term and was convicted of a serious felony offense, qualifying as a strike. The trial court sentenced him to a stipulated prison term of 24 years 8 months. (*People v. Wynn* (Dec. 12, 2006, C052419) [nonpub. opn.].)

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) amended section 667.5 "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) made the change fully retroactive (Stats. 2021, ch. 728, § 1) and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) This provision states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) "The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements," as relevant here, directing the Secretary of the California Department of Corrections and Rehabilitation "to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each

person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' (§ 1172.75, subd. (b).)" (*People v. Burgess*, *supra*, 86 Cal.App.5th at p. 380.) The statute then directs the trial court to review the judgment, verify that it includes such an enhancement, "and if so, 'recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*Ibid.*)

In August 2022, the trial court found that his judgment included an invalid one-year enhancement, appointed counsel for defendant, and placed the matter on calendar for resentencing. Defendant's counsel submitted documents reflecting defendant's rehabilitative efforts and achievements during his incarceration. Counsel also filed a sentencing brief asking the trial court to strike the five-year prior serious felony enhancement in the interest of justice. The People's sentencing brief conceded the dismissal of the one-year prior prison term enhancement but urged that the remainder of defendant's stipulated sentence be reimposed.

At the sentencing hearing, the trial court recalled defendant's sentence and reimposed the stipulated sentence without the invalid one-year prior prison term enhancement. With respect to defendant's request to strike the five-year prior serious felony enhancement, the trial court stated: "The record does not support striking the enhancement in the furtherance of justice. [¶] In this case, the defendant was 36 years old at the time of the offense; he had suffered four prior felony convictions and three prior misdemeanor convictions; he was on parole at the time he committed this forcible rape; his prior performance on supervision was unsatisfactory; he agreed to the sentence of 24 years and 8 months. And I've considered all of those, and find that it is not in the interest of justice to modify the previous agreement."

## DISCUSSION

We have exercised our discretion to independently review the record. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) After that review, we now conclude defendant received the

relief to which he was entitled under section 1172.75.  And we have found no arguable errors favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/_____
MESIWALA, J.

We concur:

/s/_____
MAURO, Acting P. J.

/s/_____
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.